UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00639-TBR

THERESA A. WHITEHOUSE, Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant.

## MEMORANDUM OPINION

Theresa Whitehouse filed this action against the Life Insurance Company of North America after it denied her claim for long-term disability benefits. In doing so, she relies on the broad venue provisions found in the Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, § 502(e)(2), 88 Stat. 829, 892 (codified at 29 U.S.C. § 1132(e)(2) (2012)). To be sure, as a technical matter, venue lies in this District. But whether Whitehouse's lawsuit ought to stay here raises a different question. It is apparent that it should not: Whitehouse resides in Illinois, LINA administered her claim in Texas, and the breach (if any) happened in Illinois. In short, no fact of any consequence transpired in Kentucky. While the Motion to Transfer Venue (R. 7) filed under Federal Rule of Civil Procedure 12(b)(3) is **DENIED**, pursuant to 28 U.S.C. § 1404(a), the Court **DIRECTS** the Clerk to transfer the above-styled action to the United States District Court for the Central District of Illinois, Peoria Division.[1]

---

[1] In support of its motion to transfer venue, LINA relies on Federal Rule of Civil Procedure 12(b)(3). *See* R. 7 at 1; *see also* R. 7-3 (Tendered Order). But Civil Rule 12(b)(3) is not the appropriate vehicle for this request: Where venue is proper but inconvenient, motions to transfer are made pursuant to 28 U.S.C. § 1404(a) rather than under Civil Rule 12(b)(3). 5B Charles Alan Wright et al., *Federal Practice and Procedure* § 1352 (3d ed.), Westlaw (database updated April 2015). By contrast, motions made under 28 U.S.C. § 1406(a) or Civil Rule 12(b)(3) deal with those cases where venue is "improper" under 28 U.S.C. § 1391 (or, in this case, under 29 U.S.C. § 1132(e)(2)). *See Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, ––– U.S. ––––, ––––, 134 S. Ct. 568, 579 (2013). Though captioned as a Civil Rule 12(b)(3) motion, it is apparent that LINA does not object to venue on technical grounds; instead, it seeks transfer under § 1404(a).

I.

Theresa Whitehouse worked for State Farm Mutual Automobile Insurance Company in Bloomington, Illinois. R. 7-2 ¶ 2 (Lodi Affidavit). During her time with State Farm, Whitehouse participated in an employee benefit plan administered by the Life Insurance Company of North America. R. 1 ¶ 8 (Complaint). Whitehouse alleges that she became disabled sometime before October 30, 2014, and has since been unable to return to work. *See id.* ¶ 9; R. 7-2 ¶ 5. She subsequently filed a claim for long-term disability benefits, R. 1 ¶ 13, which LINA's claim office in Dallas, Texas denied, R. 7-2 ¶ 4. Whitehouse responded with this lawsuit on July 28, 2015. *See* R. 1 ¶¶ 20–23. On September 18, 2015, LINA moved to transfer Whitehouse's lawsuit to the United States District Court for the Central District of Illinois, but did so under Federal Rule of Civil Procedure 12(b)(3). R. 7 at 1. Whitehouse opposes transfer. R. 8 at 1–2 (Response in Opposition).

II.

28 U.S.C. § 1404(a) provides that, for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The plain text of § 1404(a) requires a two-part analysis. The Court must first determine if the action could have originally been filed in the transferee district. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). If so, the Court must then determine "whether, on balance, a transfer would serve 'the

---

Therefore, the Court will exercise its discretion to transfer this case *sua sponte* under § 1404(a). *See Carver v. Knox Cnty.*, 887 F.2d 1287, 1291 (6th Cir. 1989) ("28 U.S.C. § 1404(a) does not require a motion; a district court may transfer a case *sua sponte*." (footnote omitted)). While the Court is mindful of the Sixth Circuit Court of Appeals' instruction "to provide the parties an opportunity to brief or argue" the propriety of transfer, *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006), in this case, the parties have already done just that, *see* R. 7-1 at 3–6 (Memorandum in Support); R. 8 at 2–7 (Response in Opposition). In other words, this case is quite unlike the situation in *Moore*—where neither the parties nor the court analyzed "any of the factors relevant to a § 1404 transfer." 446 F.3d at 647.

convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, ––– U.S. –––, –––, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)).

In the usual case, the Court evaluates various private- and public-interest factors, always mindful to "give some weight to the [plaintiff's] choice of forum." *Id.* Factors relevant to the parties' private interests include (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the accessibility of relevant evidence, (4) the availability of compulsory process to make reluctant witnesses testify, (5) the cost of obtaining willing witnesses' testimony, and (6) any other practical problems that make trial of a case easy, expeditious, and inexpensive. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *see also Atlantic Marine*, ––– U.S. at –––, 134 S. Ct. at 581 n.6. Public-interest factors comprise the second category. Although more amorphous than the first, these factors involve such matters as (1) administrative difficulties flowing from court congestion, (2) the local interest in deciding the controversy at home, and (3) in a diversity case, the interest of having the trial in a forum familiar with governing law. *Atlantic Marine*, ––– U.S. at –––, 134 S. Ct. at 581 n.6.

Neither recitation is exhaustive, but each is illustrative of the issues typically considered by the courts of this Circuit. "As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese*, 574 F.3d at 320. The movant bears the burden of showing that transfer is appropriate. *Boiler Specialists, LLC v. Corrosion Monitoring Servs., Inc.*, No. 1:12-CV-47, 2012 WL 3060385, at *2 (W.D. Ky. July 26, 2012) (collecting cases).

### III.

#### A.

The Court first asks not only whether this District is a proper venue, but also whether the Central District of Illinois would be too. Venue in an ERISA action is proper in any district "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). "A defendant 'resides or may be found,' for ERISA venue purposes, in any district in which its 'minimum contacts' would support the exercise of personal jurisdiction." *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 646 (6th Cir. 2006) (citing *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 809–10 (7th Cir. 2002); *Varsic v. U.S. Dist. Court for Cent. Dist. of Cal.*, 607 F.2d 245, 248–49 (9th Cir. 1979)). It is undisputed that LINA has minimum contacts with this District and with the Central District of Illinois and so "resides or may be found" in either. Therefore, venue is proper not only in this District, but also in the Central District of Illinois.

#### B.

The Court also concludes that the weight of private- and public-interest factors warrants transferring this action to the Central District of Illinois, Peoria Division.

While Whitehouse's decision to litigate in this District tilts against transfer, ultimately, her choice merits little weight. Every meaningful event related to Whitehouse's lawsuit happened outside Kentucky: She filed her claim for benefits while living in Illinois. *See* R. 7-2 ¶ 5. LINA's office in Dallas, Texas denied her claim. *See id.* ¶ 4. Neither Whitehouse nor any other relevant party resides in Kentucky. *Cf. Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("When

the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981))). Therefore, the Court attributes little to Whitehouse's decision to litigate in this District. *See Virts v. Prudential Life Ins. Co. of Am.*, 950 F. Supp. 2d 101, 106 (D.D.C. 2013) (finding choice of forum deserved little weight where action had no connection with the District of Columbia); *Aucoin v. Prudential Ins. Co. of Am.*, 959 F. Supp. 2d 185, 190–91 (D.D.C. 2013) (same).

For much the same reason, the convenience of the parties also weighs in favor of transfer. "Convenience is generally a matter of the parties' physical location in relation to the plaintiff's choice of forum." *Boiler Specialist*, 2012 WL 3060385, at *3; *see also* 15 Charles Alan Wright et al., *Federal Practice and Procedure* § 3849 (3d ed.), Westlaw (database updated April 2015) ("In determining the relative convenience of the different fora for each party, the court, not surprisingly, considers the residence of the parties."). Whitehouse resides in Bloomington, Illinois,[2] as does her former employer. *See* R. 7-2 ¶¶ 2, 5. LINA is incorporated and maintains its principal place of business in Pennsylvania. *See id.* ¶ 3. It would surely be more convenient to prosecute this action in the Central District of Illinois (where Whitehouse ostensibly lives) "rather than traveling hundreds of miles" to litigate in Kentucky.[3] *Joyner v. Cont'l Cas. Co.*, No. 11 Civ.

---

[2] The parties disagree as to where Whitehouse is located. *Compare* R. 7-1 at 1 ("Plaintiff resides in Bloomington, Illinois, which is in the Central District of Illinois."), *with* R. 8 at 4 ("Here, Ms. Whitehouse worked in Illinois, but no longer resides there."). But only LINA has submitted evidence (in the form of an affidavit and supporting claim documents) to support its position. *See generally* R. 7-2. "[I]t is universally known that statements of attorneys are not evidence." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 852–53 (7th Cir. 2002). Therefore, for purposes of this opinion, the Court deems Whitehouse to be a resident of Bloomington, Illinois.

[3] That point rings all the more true considering, as Whitehouse says, that she cannot work "because of . . . her disabling conditions and corresponding treatment regimen." R. 1 ¶ 9.

6005(JSR), 2012 WL 92290, at *2 (S.D.N.Y. 2012); *see also Mazzarino v. Prudential Ins. Co. of Am.*, 955 F. Supp. 2d 24, 31 (D.D.C. 2013) (finding parties' convenience favored transfer where plaintiff resided in Utah but filed in the District of Columbia); *Aucoin*, 959 F. Supp. 2d at 191–92 (same where plaintiff resided in Arizona).

While Whitehouse disputes that conclusion, her disagreement is premised almost exclusively on the fact that her attorney is located in Louisville, Kentucky. R. 8 at 4–7. The location of counsel, however, is "irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003); *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973) ("The convenience of counsel is not a factor to be considered."); *Roehl Transp., Inc. v. Kirby*, Civil No. 15-58-GFVT, 2015 WL 7188474, at *3 (E.D. Ky. Nov. 13, 2015) ("[T]he location of counsel is 'irrelevant and improper for consideration' in determining whether to transfer venue." (quoting *In re Horseshoe*, 337 F.3d at 434)); *Mcintosh v. E-backgroundchecks.com, Inc.*, Civil Action No. 5:12-310-DCR, 2013 WL 954281, at *5 (E.D. Ky. Mar. 11, 2013) ("[T]he convenience of counsel is not an appropriate consideration under a § 1404 analysis . . . ."); *see also* Wright et al., *supra*, § 3850 n.5 (collecting cases). In sum, the parties' convenience favors transfer.

The relative ease of access to sources of proof, the convenience of witnesses, the availability of compulsory process, and the cost of obtaining willing witnesses' testimony favor neither venue. Unlike other civil cases, Whitehouse's action likely will be decided using the administrative record on which LINA relied when it denied her claim. *See Dorsey v. Hartford Life & Accident Ins. Co.*, No. 1:08-CV-243, 2009 WL 703384, at *5 (E.D. Tenn. Mar. 16, 2009); *see also Hilbert v. Lincoln Nat'l Life Ins. Co.*, No. 3:14-CV-

6

565-JGH, 2015 WL 1034058, at *2 (W.D. Ky. Mar. 9, 2015). Consequently, those factors are a wash. However, should there be any discovery in this case, none of the witnesses would be in this District.

But more to the point, the only pertinent public-interest factor tilts heavily toward transfer. Frankly, Whitehouse's action has no connection whatsoever to this District. None of the operative facts giving rise to it took place here: The plan is administered outside the District. Whitehouse's claim for long-term disability benefits was determined outside the District. The breach (if any) happened in the Central District of Illinois—the place where payment would be received. *See Cole v. Cent. States Se.*, 225 F. Supp. 2d 96, 98–99 (D. Mass. 2002); *Angel Jet Servs., L.L.C. v. Red Dot Bldg. Sys.' Emp. Benefit Plan*, No. CV-09-2123-PHX-GMS, 2010 WL 481420, at *3 (D. Ariz. Feb. 8, 2010); *see also Coulter v. Office & Prof'l Emps. Int'l Union*, No. 1:03-CV-111, 2003 WL 21938910, at *3 (E.D. Tenn. June 10, 2003) (collecting cases). In light of the Central District of Illinois' significantly greater interest in resolving this litigation, transfer to that District is appropriate. *See Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 835 (N.D. Ill. 1999).

**IV.**

For the reasons discussed above, the Life Insurance Company of North America's Motion to Transfer Venue (R. 7) is **DENIED**, and Clerk of the Court is **DIRECTED** to transfer the above-captioned action to the United States District Court for the Central District of Illinois, Peoria Division. An appropriate Order will issue separate from this Memorandum Opinion.

Date:

cc:     Counsel of Record